IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>MYRON BEESON, et al.,<br><br>Defendants. | CV 17-00036-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Adrian Guille, a state prisoner proceeding without counsel, submitted a proposed Complaint (Doc. 1) and filed a motion to proceed in forma pauperis (Doc. 3). He failed to submit an account statement with his motion. The Prison Litigation Reform Act requires that a

> prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Mr. Guille is a prisoner and was a prisoner at the time he filed this matter and therefore he was required to comply with this provision and obtain a monthly statement of his inmate account from the jail where he is incarcerated for the six-month period preceding his submission of his Complaint.

1

Mr. Guille was advised of this requirement on the form he used for filing his motion. (Doc. 3 at 3, ¶ 12.) In addition, by Order dated April 7, 2017, the Court required Mr. Guille to provide an account statement on or before May 5, 2017. (Doc. 4.) Although that Order was returned in the mail as undeliverable, it was resent to Mr. Guille at his current address in New Jersey on May 16, 2017, after Mr. Guille filed a notice of change of address. (Docs. 4, 6.)

Mr. Guille has not complied with the Court's Order and has not submitted an account statement as required by 28 U.S.C. § 1915(a)(2). He was specifically advised that a failure to comply with the Court's April 7, 2017 Order would result in a recommendation that the motion to proceed in forma pauperis be denied. (Doc. 4.)

In addition, the Court finds that Mr. Guille's claims for relief are now moot. The only relief sought in the Complaint is a preliminary injunction and temporary restraining order. Mr. Guille's Complaint for injunctive relief was rendered moot by his transfer to another facility out of state. *See Dilley v. Gunn*, 64 .2d 1365, 1368 (9th Cir. 1995); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility); *Darring v. Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1986) (same). Although there is an exception to mootness

for situations that are "capable of repetition yet evading review," *United States v. Brandau*, 578 F.3d 1064, 1067 (9th Cir. 2009), the slight possibility that Mr. Guille could be transferred back to MSP is generally not substantial enough to warrant application of this exception. *Dilley*, 64 F.3d at 1368 (concluding prisoner's "claim that he might be transferred back [to the same prison] some time in the future [was] 'too speculative' to prevent mootness").

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Guille's Motion to Proceed in Forma Pauperis (Doc. 3) should be DENIED for failure to submit an account statement pursuant to 28 U.S.C. § 1915(a)(2).

2. This matter should be DISMISSED AS MOOT.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

4. At all times during the pendency of this action, Mr. Guille must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Guille may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of June 2017.

/s/ John Johnston
John Johnston
United States Magistrate

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.